# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

\* \* \* \* \*

AMBER TILLEY and MICHAEL TILLEY, as next friend for their minor child, P.T.,

    Plaintiff,

v.

PEASTER INDEPENDENT SCHOOL DISTRICT; JULIE WEST, individually and as an employee of Peaster Independent School District; DEBBIE VAN RITE, individually and as an employee of Peaster Independent School District; DOES I-XX, inclusive,

    Defendants.

Case No.:

**COMPLAINT**
**(Jury Demanded)**

COME NOW, Plaintiff, AMBER TILLEY and MICHAEL TILLEY, as next friend for their minor child, P.T. (hereinafter referred to as "Plaintiffs"), by and through their attorney of record, JASON J. BACH, ESQ. of THE BACH LAW GROUP, PLLC, and hereby complain and allege against the above-named Defendants, and each of them, based upon knowledge, information and a reasonable belief derived therefrom, as follows:

## INTRODUCTION

This is a complaint for money damages and injunctive relief against said Defendants, for violation of Plaintiff P.T.'s constitutional, statutory, and common law rights. Plaintiff alleges that said Defendants violated his civil rights, pursuant to 42 U.S.C. §1983, by conducting an unreasonable strip search, retaliating against Plaintiff in violation of his First Amendment rights, and various state causes of action.

## PARTIES & JURISDICTION

1.    This Court has jurisdiction over the claims set forth in this action pursuant to 28 U.S.C. Section 1331 (federal question) and 28 U.S.C. Section 1343 (civil rights).

2. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. 1391(b) in that the claims arose in this district, and Plaintiffs and Defendants are located in this district.

3. Costs, expert witness fees, and attorney's fees are sought pursuant to 42 U.S.C. Section 1988.

4. Plaintiffs, AMBER TILLEY and MICHAEL TILLEY, as next friend for their minor child, P.T., is currently a resident of the State of Texas, and at all relevant times, P.T. was a student in the Peaster Independent School District.

5. Defendant, PEASTER INDEPENDENT SCHOOL DISTRICT (hereinafter referred to as "Peaster"), is a public independent school district in Weatherford, Texas, and is a municipality.

6. Defendant JULIE WEST, at all times relevant was an employee of the Peaster Independent School District. She is named in this case both individually and in her official capacity as an employee by the Peaster Independent School District.

7. Defendant DEBBIE VAN RITE, at all times relevant was an employee of the Peaster Independent School District. She is named in this case both individually and in her official capacity as an employee of the Peaster Independent School District.

8. That the true names or capacities, whether individual, corporate, associate or otherwise, of Defendants DOES I through XX are unknown to Plaintiffs, who therefore, sue said Defendants by such fictitious names.

9. Plaintiffs are informed and believe and thereon allege that each of the Defendants designated herein as DOES are responsible in some manner for the events and happenings referred to in this action and proximately caused damages to Plaintiffs as herein alleged, and that Plaintiffs will ask leave of this Court to amend this Complaint, to insert the true names and capacities of said Defendants, and when the same have been ascertained to join such Defendants in this action.

10. At all times herein, the individual Defendants and the Defendant Peaster, have been acting under color of law.

11. At all times relevant hereto, and in all their actions described herein, Defendants' actions took place in the State of Texas, County of Parker.

12. Defendants, and each of them, did the acts and omissions hereinafter alleged in bad

faith and with knowledge that their conduct violated well established and settled law.

## GENERAL FACTUAL ALLEGATIONS

13. Amber and Michael Tilley have three children that are enrolled, and students of, Peaster ISD. Over the course of several years, various disputes has arisen by the parties, primarily concerning Mr. and Mrs. Tilley requesting appropriate educational services for their oldest son, brother to P.T. However, as a result of the historically contentious relationship the Plaintiff's family and the school district, on numerous occasions employees of Peaster ISD have retaliated against the Tilley children, and further harassed the children and family.

14. One manner in which employees of Peaster would harass P.T. would be to constantly accuse him of smelling badly, or calling them terms such as "dirty" and "filthy."

15. P.T. is an 8-year old third grader at Peaster Elementary School. On November 15, 2011, P.T. went to school and was berated and harassed my employees of Peaster, including Defendant West, who told him that he smelled badly, was dirty, and that he had bad hygiene. Defendant West took P.T. to Defendant Van Rite's office, which was the nurses office.

16. Once inside the nurse's office, Defendants instructed P.T. to disrobe and take a shower, all while they were present, and another student was in the office. It was clear to P.T. that Defendants were instructing him do this as means of torment and harassment.

17. While P.T. objecting to completely disrobing and taking a shower, Defendants West and Van Rite forced P.T. to remove his clothing and began violently washing his body with a washcloth, scrubbing him over large portion of his body, stuck cotton balls in his ears, all while ridiculing and harassing him about being "dirty."

18. P.T. was then forced to apply deodorant at the insistence of Defendants West and Van Rite, who then told P.T. "If you ever come to school dirty again we will strip you buck naked and throw you in the shower and scrub you down."

19. P.T. was then told that every morning when he came to school that Defendants were going to spray him and his backpack so that he did not "smell." P.T. asked what they were going to spray him with, to which Defendants responded "it will kill you."

20. After noticing that P.T. was visibly and severely distraught on the evening of

November 15, 2011, Amber and Michael Tilley learned what P.T. had encountered that day at school.

21. On November 16, 2011, Michael Tilley filed a police report with the Parker County Sheriff's Office, alleging assault and battery. While the sheriff's obtained statements from those involved, they elected to no take any further action.

22. Beginning shortly afterwards, employees of Peaster began retaliating against P.T. as a result of his complaints and the lawful filing of the police report. P.T. would be excluded from events and activities that all other students were allowed to participate in. When a Peaster employee dressed as Santa Claus (believed by P.T. to be Defendant West) and came to P.T.'s class, this person asked the students if they have "been good," but then looked at P.T. and made a cross-like motion with her fingers, as if to indicate that he had been "naughty."

23. Harassment and retaliation continue against P.T. These events have caused severe emotional trauma to P.T., to the extend that he is now in therapy and is exhibiting OCD-type behaviors, such as taking numerous baths a day, constantly cleaning his ears, and spraying himself with large amounts of cologne. P.T. has developed a phobia of getting physically too close to people, out of fear that they will say he is dirty or smells, and is traumatized by attending school and continuing to be victimized.

24. As a result of the above, Defendants, and each of them, have wrongly caused Plaintiff to be deprived of his right to not be subject to unreasonable search and seizure, invasion of privacy, retaliation, and infliction of severe emotional distress, all in violation of her U.S. Constitutional and statutory rights, all inflicting emotional distress and physical injury, and damaging him in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

### FIRST CAUSE OF ACTION

*CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. §1983 (MONELL CLAIM)*

25. Paragraphs 1 through 24, inclusive are incorporated by reference.

26. The actions of Defendants resulted from, and were taken, pursuant to a *de facto* policy of Defendant school district, which is implemented by the employees of the said Defendants, all acting under the color of law, who choose to violate Plaintiff's constitutional rights, without rightful

authority of law.

27. The existence of the *de facto* policy described above has been known to supervisory and policy making officers and officials of said Defendants for a substantial period of time.

28. Despite their knowledge of the said illegal policy and practices, supervisory and policy-making officers and officials of the said Defendants have not taken steps to determine the said practices, have not disciplined or otherwise properly supervised the individual employees who engaged in the said practices, have not effectively trained the employees with regard to the proper constitutional and statutory limits on the exercise of their authority, and have instead sanctioned the policy and the practices described herein.

29. That P.T. has a clearly established right to equal access to all benefits and privileges of a public education and a right to be free from invasion of privacy, illegal search and seizure, harassment, and retaliation in school.

30. That the above actions and omissions by Defendants were deliberate and intentional and have resulted in violations of Plaintiffs, on behalf of P.T.'s, rights to free from invasion of privacy, illegal search and seizure, harassment, and retaliation, all in violation of the First, Fourth, and Fourteenth Amendment to the United States Constitution.

31. That by reason of the aforesaid actions, Defendants' actions exhibit deliberate indifference to and/or reckless disregard for the constitutional rights of P.T. and other similarly situated students, all in violation of his constitutional rights, and as a direct and proximate result thereof, he sustained damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

32. That by reason of the aforesaid actions, Plaintiffs, on behalf of P.T., is entitled to a Permanent Injunction compelling the Defendants, or their agents, to cease and desist harassment and retaliation, to assure that P.T. receives a free and appropriate public education.

33. The acts, conduct and behavior of each of the individual Defendants was performed knowingly, intentionally, oppressively, and maliciously, by reason of which Plaintiff is entitled to punitive damages in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

34. It has been necessary for the Plaintiff to obtain the services of an attorney to prosecute

this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein, pursuant to 42 U.S.C. §1988.

## SECOND CAUSE OF ACTION

*INVASION OF PRIVACY, ILLEGAL SEARCH AND SEIZURE*

*FOURTH AND FOURTEENTH AMENDMENT*

*TO THE UNITED STATES CONSTITUTION*

35. Paragraphs 1 through 34, inclusive are incorporated by reference.

36. The acts and/or omissions by the Defendants were performed in violation of P.T.'s right to be free from invasion of privacy and illegal search and seizure, as guaranteed by the Fourth and Fourteenth Amendment to the United States Constitution.

37. As a result of Defendants actions, P.T. suffered and continues to suffer a deprivation of his rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendment to the United States Constitution, all to his damage in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

38. That by reason of the aforesaid actions, Plaintiff is entitled to a Permanent Injunction requiring the Defendants, or their agents, to cease all unlawful and unconstitutional acts that they currently engage in.

39. The acts, conduct and behavior of each of the individual Defendants was performed knowingly, intentionally, oppressively, and maliciously, by reason of which Plaintiff is entitled to punitive damages in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

40. It has been necessary for the Plaintiff to obtain the services of an attorney to prosecute this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein, pursuant to 42 U.S.C. §1988.

## THIRD CAUSE OF ACTION

*RETALIATION IN VIOLATION OF THE FIRST AMENDMENT*

*TO THE UNITED STATES CONSTITUTION*

41. Paragraphs 1 through 40, inclusive are incorporated by reference.

42. The acts and/or omissions by the Defendants were performed in violation of P.T.'s

right to be free from retaliation for filing a police report, and making other public comments, as guaranteed by the First Amendment to the United States Constitution.

43. As a result of Defendants actions, P.T. suffered and continues to suffer a deprivation of his rights, privileges and immunities secured to them by the First Amendment to the United States Constitution, all to his damage in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

44. That by reason of the aforesaid actions, Plaintiff is entitled to a Permanent Injunction requiring the Defendants, or their agents, to cease all unlawful and unconstitutional acts that they currently engage in.

45. The acts, conduct and behavior of each of the individual Defendants was performed knowingly, intentionally, oppressively, and maliciously, by reason of which Plaintiff is entitled to punitive damages in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

46. It has been necessary for the Plaintiff to obtain the services of an attorney to prosecute this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein, pursuant to 42 U.S.C. §1988.

## FOURTH CAUSE OF ACTION

### *BATTERY*

47. Paragraphs 1 through 46, inclusive, are incorporated by reference.

48. That on November 15, 2011, Defendants West and Van Rite, made offensive and harmful bodily contact with the Plaintiff, P.T., causing injury and harm to his body.

49. As a result of Defendants West and Van Rite's conduct and omissions, Plaintiff has suffered severe physical trauma and invasion of his person, suffered and continues to suffer great mental and emotional harm and anguish.

50. That Plaintiff has required medical and psychological care as result of the actions and inactions of Defendants, causing Plaintiff to incur expenses for medical care, treatment, and expenses incidental thereto, all to their damage in an amount not yet fully ascertained, and will ask leave of this Court to amend this Complaint to insert the full amount when the same have been fully ascertained.

51. As a result of the battery described above, Plaintiff has suffered serious physical and psychological injury, loss of community reputation, medical expenses, and to incur severe financial obligations in order to retain attorneys to seek redress against the unlawful conduct of the Defendants, as well as deprivation of his liberty, invasion of his privacy, and grievous mental suffering, all to damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

52. The acts, conduct and behavior of the Defendant was performed willfully, intentionally, oppressively, fraudulently and maliciously, by reason of which Plaintiff, is entitled to punitive damages in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

## FIFTH CAUSE OF ACTION

### *FALSE IMPRISONMENT*

53. Paragraphs 1 through 52, inclusive, are incorporated by reference.

54. That while committing the above actions, Defendants West and Van Rite forcibly imprisoned P.T., limiting his movement and forcing him to be contained in a school office, under threat of serious ramifications.

55. As a direct and proximate result of the false imprisonment inflicted by Defendants West and Van Rite, P.T. suffered injury and damages all in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

56. The acts, conduct and behavior of Defendants West and Van Rite were conducted knowingly, intentionally, oppressively, recklessly and maliciously upon P.T. Ergo, entitling P.T. to punitive damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

57. As a result of Defendants West and Van Rite's conduct, P.T. has been forced to incur attorney's fees in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) to initiate and litigate this case so as to mitigate his damages, and are therefore entitled to an award of attorney's fees.

/ / /

/ / /

## SIXTH CAUSE OF ACTION

### *CHILD NEGLECT*

58. Paragraphs 1 through 57, inclusive, are incorporated by reference.

59. That while committing the above actions, Defendants West and Van Rite neglectfully cared for the minor child, a student at their school, under their care, custody, supervision, and control, causing him bodily and psychological injury.

60. As a direct and proximate result of the child neglect inflicted by Defendants West and Van Rite, P.T. suffered injury and damages all in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

61. The acts, conduct, nonfeasance, malfeasance and behavior of Defendants West and Van Rite were conducted knowingly, intentionally, oppressively, recklessly and maliciously upon PLAINTIFF. Ergo, entitling P.T. to punitive damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

62. As a result of Defendants West and Van Rite conduct, Plaintiff has been forced to incur attorney's fees in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00). to initiate and litigate this case so as to mitigate their damages, and are therefore entitled to an award of attorney's fees.

## SEVENTH CAUSE OF ACTION

### *ASSAULT*

63. Paragraphs 1 through 62, inclusive, are incorporated by reference.

64. That while committing the above actions, Defendants West and Van Rite caused Plaintiff P.T. to be placed in reasonable apprehension of immediate bodily harm.

65. As a direct and proximate result of the false imprisonment inflicted upon P.T. by Defendants West and Van Rite, he suffered severe injury and damages all in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

66. The acts, conduct and behavior of Defendants West and Van Rite were performed knowingly, intentionally, oppressively, recklessly and maliciously upon P.T. Ergo, entitling Plaintiff to punitive damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS

($75,000.00).

## EIGHTH CAUSE OF ACTION

### *NEGLIGENT HIRING, TRAINING, & SUPERVISION*

67. Paragraphs 1 through 66, inclusive, are incorporated by reference.

68. At all times material and relevant herein, the Defendants had a duty to not violate the Constitutional, statutory, and common law rights of their students.

69. At all times relevant herein, the Defendant school district had a duty not to hire individuals with a propensity towards committing unlawful acts against those who lawfully go about their business and attend school, and to adequately train and supervise their administrators, agents, and employees.

70. At all times relevant herein, the Defendant school district had a duty to protect the public, such as P.T., from the illegal actions of their own employees, and others. In addition, Defendant had a duty not to hire individuals with a propensity towards committing unlawful acts against the public, and to adequately train and supervise their employees.

71. Defendants, and each of them, breached their respective duties, and are therefore negligent and liable to Plaintiff, on behalf of P.T., who has suffered serious economic loss, loss of reputation, loss of daily and future income, and to incur severe financial obligations in order to retain attorneys, as well as other painful injuries, deprivation of his liberty, invasion of his privacy, grievous mental suffering, all to his damage in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

72. It has been necessary for the Plaintiff to obtain the services of an attorney to prosecute this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

## NINTH CAUSE OF ACTION

### *INTENTIONAL AND NEGLIGENT INFLICTION OF SEVERE MENTAL DISTRESS*

73. Paragraphs 1 through 72, inclusive, are incorporated by reference.

74. As a result of Defendants' intentional and negligent conduct and omissions, P.T. suffered, and continues to suffer, great mental and emotional harm, anguish, insecurity, self-

revulsion, damage to his self-esteem, and self-worth, shame and humiliation, including but not limited to: severe and clinical depression, anxiety, loss of sleep, loss of appetite, and OCD-type behaviors.

75. Plaintiff requires medical and/or psychological care as result of the actions and inactions of Defendants. This has caused and/or will cause Plaintiff to incur expenses for medical and psychological care, treatment, and expenses incidental thereto. The total amount of Plaintiff's damages cannot yet be fully ascertained, and as such we respectfully ask leave of this Court to amend Plaintiff's Complaint to insert the full amount when such have been fully ascertained.

76. As a result of the mental distress described above, P.T. has suffered serious psychological injury, loss of community reputation, medical expenses, and to incur severe financial obligations in order to retain attorneys to seek redress against the unlawful conduct of the Defendants, as well as deprivation of his liberty, invasion of his privacy, and grievous mental suffering, all to damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

77. The acts, conduct and behavior of the Defendants were performed willfully, intentionally, oppressively, fraudulently and maliciously, by reason of which Plaintiff, on behalf of Jacob, is entitled to punitive damages in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

78. It has been necessary for Plaintiff to obtain the services of an attorney to prosecute this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

## TENTH CAUSE OF ACTION

### *INJUNCTIVE RELIEF*

79. Paragraphs 1 through 78 inclusive are incorporated by reference.

80. That by reason of the aforesaid actions, Plaintiffs, on behalf of P.T., is entitled to a Permanent Injunction compelling the Defendants, or their agents, to cease all harassment and retaliation of P.T.

81. The harm caused by Defendant is irreparable and can only mitigated by the institution

of the injunction sought.

**WHEREFORE**, Plaintiff prays that this Honorable Court: Enter judgment in Plaintiff's favor, and against the Defendants, and each of them: (a) for compensatory damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00); (b) for punitive damages each in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00); (c) for injunctive and declaratory relief to reverse the actions of Defendants; and (d) together with the costs and disbursements of this action and such other attorney's fees pursuant to 42 U.S.C. §1988, and further relief as justice requires.

DATED this 14th day of June, 2012.

THE BACH LAW GROUP, PLLC

By:/s/ Jason J. Bach
JASON J. BACH, ESQ.
State Bar No. 24071556
Texas State Bar No. 24071556
2802 Flintrock Trace, Suite 255
Austin, Texas 78738
Tel: (512) 879-3901
Fax: (702) 925-8788
Attorney in Charge for Plaintiff