IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMBER TILLEY and MICHAEL TILLEY, as next friend for their minor child, P. T., | § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | |
| PEASTER INDEPENDENT SCHOOL DISTRICT; JULIE WEST, individually and as an employee of Peaster Independent School District; DEBBIE VAN RITE, , individually and as an employee of Peaster Independent School District | § § § § § § § § § | CIVIL ACTION NO.  4:12-cv-00408-Y |
| Defendants. | § § | |

**DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT**

**COME NOW,** Peaster Independent School District, Julie West and Debbie Van Rite (hereinafter and collectively "Defendants"), and file this their Motion to Dismiss Plaintiffs' First Amended Complaint, for failure to state a claim in accordance with Federal Rule of Civil Procedure 12(b)(6).  In support of this motion, Defendants would show the Court as follows:

**INTRODUCTION**

Plaintiffs' First Amended Complaint against the Defendants is a confusing mixture of inflammatory "facts" and inapplicable legal theories. When the rhetoric is stripped it appears that the suit amounts to nothing more than an attempt to evade the Peaster Independent School District's governmental immunity under the Texas Tort Claims Act by creatively pleading causes of action to recover monetary damages.  The Complaint fails to give rise to any constitutional claims actionable under 42 U.S.C. § 1983 ("Section 1983") or any tort claims pursuant to state

1

law.  Because Plaintiffs' facts and allegations do not support the causes of action pled, this Court should dismiss Plaintiffs' claims in accordance with Federal Rule of Civil Procedure 12(b)(6).

## FACTUAL BACKGROUND[1]

Plaintiffs claim that there was a contentious relationship between their family and the Peaster Independent School District ("PISD" or the "District".) *See* Complaint ¶ 13. As a result of this disharmonious relationship, employees of the District, including Defendants West and Van Rite, allegedly harassed the Plaintiffs' eight (8) year old child, P.T. *See* Complaint ¶¶ 13-19. Specifically, Defendants West and Van Rite made derogatory comments regarding P.T.'s poor hygiene, threatened him, forcibly washed him and required P.T. to put on deodorant. *See* Complaint ¶¶ 13-19. Plaintiff Michael Tilley alleges that he filed a police report with the Parker County Sherriff's Department. *See* Complaint ¶ 21. The Sherriff's Department investigated but determined that they would not take any further action. *See* Complaint ¶ 21. Following Plaintiffs' filing of the police report, employees of the District retaliated against P.T.  *See* Complaint ¶ 22.

## ARGUMENTS AND AUTHORITIES

**A.     Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint for failure to state a claim upon which relief can be granted.  A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Defendants bear the burden of showing that no claim has been stated upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  In order to withstand a motion to dismiss, "the complaint must contain either direct allegations on every material point necessary to sustain a

---

[1] The factual allegations set forth herein are taken from Plaintiffs' Complaint and are adopted *solely* for the purposes of Defendants' Motion to Dismiss.  As such, the Defendants do not concede that Plaintiffs' allegations are true and accurate and further, does not waive its right to deny and/or contest any of the factual allegations contained in Plaintiffs' Original Complaint or any subsequent amended complaint(s) filed with this Court.

recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Rios v. City of Del Rio*, 444 F.3d 417, 420-21 (5th Cir. 2006), *cert. denied*, 549 U.S. 825 (2006).

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss" from being granted. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)). Nor do "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" suffice under Rule 12(b)(6). *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

**B.    Failure to State a Claim under Section 1983 and/or the United States Constitution**

Section 1983 is the necessary vehicle through which a plaintiff must assert a constitutional claim. If the Plaintiff does not assert claims pursuant to 42 U.S.C. §1983, the Plaintiff's federal constitutional claims must be dismissed. *Garrett v. Dallas Public Schools*, 1999 U.S. Dist. LEXIS 19735, *6 (N.D. Tex. 1999); *Hunt v. Smith*, 67 F. Supp. 2d 675, 681 (E.D. Tex. 1999); S*ee also, Hearth, Inc. v. Department of Public Welfare*, 617 F.2d 381, 382 (5th Cir. 1980)("the federal courts and this Circuit in particular have been hesitant to find causes of action arising directly from the Constitution.") Based on the clear precedent of this Circuit, any claim that Plaintiff is attempting to assert under the United States Constitution must be dismissed. However, assuming *arguendo* that Plaintiff had invoked Section 1983 with regard to all of their claims under the First, Fourth and Fourteenth Amendments, these claims should be

dismissed for failure to state a claim upon which relief can be granted because Plaintiff has not pled sufficient facts to support any claim under this section.

In order to state a valid claim under 42 U.S.C. §1983, Plaintiff must allege: (1) a violation of rights secured by the Constitution or laws of the United States; and, (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. Pursuant to 42 U.S.C. § 1983, a municipality or local government entity, such as an independent school district, may only be held liable for acts for which it is actually responsible. *Doe v. Dallas Independent School District,* 153 F. 3d 211, 215 (5th Cir. 1998). In other words, a municipality cannot be held liable under Section 1983 on a *respondeat superior* theory. *Monell v. Dep't of Social Servs. of New York*, 436 U.S. 658, 691, (1986); *Estate of Davis v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005); *Doe*, 153 F. 3d at 215. If a Section 1983 suit is brought against a municipality or local governmental entity, the claim must be based upon the implementation of a policy or custom which was officially adopted by that body's officers. *Monell*, 436 U.S. at 694; *Doe*, 153 F.3d at 215-216; *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 532 (1996). To support a claim based upon the existence of an official custom or policy, "the Plaintiff must plead facts which show that: 1) a policy or custom existed; 2) the governmental policy-makers actually or constructively knew of its existence; 3) a constitutional violation occurred; and 4) the custom or policy served as the moving force behind the violation." *Meadowbriar,* 81 F.3d. at 532-533.

In order to maintain a Section 1983 action, the allegations describing the improper policy or custom and the underlying constitutional violation cannot be conclusory; they must contain specific facts. *Spiller v. City of Texas City, Police Department*, 130 F.3d 162, 167 (5th Cir. 1997); *Jackson v. Dallas Independent School District*, 1999 U.S. Dist. LEXIS 1109, *16-17 (N.D. Tex. 1999)(dismissing a Section 1983 claim against Dallas Independent School District

because plaintiff pled only conclusory allegations). Furthermore, allegations of isolated violations cannot constitute a policy or custom necessary for imposition of municipal liability. *Campbell,* 43 F.3d 973, 977; *Bennet v. City of Slidell*, 728 F. 2d 762, 768 n. 3 (5th Cir. 1984); *Brakens v. Ennis Independent School District*, 1998 U.S. Dist. LEXIS 19824, *9 (N.D. Tex. 1998).

In their First Amended Complaint, Plaintiffs failed to assert even the basic elements of a Section 1983 claim against PISD. For example, Plaintiff has not alleged that members of the PISD Board of Trustees acted pursuant to an official custom or policy with regard to the alleged forced washing of their child. (*See* First Amended Complaint). Furthermore, Plaintiff has not alleged, nor could they allege, that the PISD Board of Trustees implemented an official custom or policy to deny students constitutional rights. (*See* First Amended Complaint). At best, Plaintiffs have alleged that two PISD employees engaged in specific actions that were unknown to the members of the Board of Trustees. Such isolated actions do not constitute a policy or custom for Section 1983 liability purposes. *Bennet*, 728 F.2d 762, 768 n. 3; *Lopez v. City of Austin*, 710 F.2d 196, 198 (5th Cir. 1983). Therefore, Plaintiffs have failed to plead sufficient facts to support claims under 42 U.S.C. § 1983. Accordingly, Plaintiffs' claims of constitutional violations of the First, Fourth and Fourteenth Amendments pursuant to Section 1983, should be dismissed for failure to state a claim upon which relief can be granted.

In addition, Defendants West and Van Rite assert the affirmative defense of qualified immunity in this motion pursuant to Local Rule CV-12. Qualified immunity shields government officials performing discretionary functions from liability for suits brought against them in their individual capacities unless their conduct violates "clearly established" constitutional or statutory rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). One of the principal purposes of the qualified immunity doctrine is to shield employees

from defense of a lawsuit and liability. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 954 F.2d 1054, 1057 (5th Cir. 1992). Qualified immunity is designed to shield "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335 (1986).

The qualified immunity doctrine specifically applies to claims which arise under civil rights laws such as 42 U.S.C. § 1983. *Mosely v. Houston Community College*, 951 F. Supp. 1279, 1292 (S.D. Tex. 1996). Once a defendant asserts the defense of qualified immunity, the burden shifts to the plaintiff to show that immunity does not bar recovery. *See Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). In determining whether a public employee is entitled to qualified immunity, courts follow a two-step process. First, the court must ascertain whether a plaintiff has alleged a violation of a clearly established constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Second, the court must determine whether the defendant's conduct was objectively reasonable in light of the legal rules clearly established at the time of the incident. *Freeman v. Gore*, 483 F.3d 404, 410 (5th Cir. 2007).

For the purposes of the qualified immunity test, a constitutional right is clearly established when it is "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 419 (5th Cir. 2008) (citations omitted). The law in question must have been clearly established not only in general or abstract terms, but in a highly particularized sense that is relevant to the facts of the particular case. *See Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Whether a legal rule is clearly established "depends substantially upon the level of generality at which the relevant 'legal rule' is to be identified." *Id.* When a plaintiff is allowed to allege violations of "extremely abstract rights," such as virtually any constitutional or statutory violation, this "convert[s] the rule of qualified immunity . . . into a rule of virtually unqualified liability."*Id.*

Before Defendants' alleged violations can be shown to be clearly established, the right allegedly violated in this case must be defined more narrowly than the abstract rights of "life, liberty, and bodily integrity." *See, e.g., Anderson*, 483 U.S. at. at 640-41. In order to overcome qualified immunity, the right alleged to have been violated must be clearly established not just in a generalized sense, but "in a more particularized, and hence more relevant, sense: the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson*, 483 U.S. at 640.  Plaintiffs have not shown that the law in question was clearly established in the highly particularized sense relevant to the facts of this case.

Moreover, Plaintiff has not pleaded sufficient facts to show a sufficient claim of deliberate indifference.  Deliberate indifference requires more than mere negligence, and a municipal actor must disregard a known or obvious consequence of his action. *Board of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 410 (1997). Additionally, deliberate indifference normally requires a plaintiff to show "a pattern of similar incidents" and that the failure to act is "obvious and obviously likely to result in a constitutional violation." *Estate of Davis*, 406 F.3d at 381, 383.

If the Court finds that Plaintiffs' pleadings allege a violation of a clearly established constitutional right, then the next inquiry is whether Defendants' alleged actions were objectively unreasonable.  An official's conduct is considered objectively reasonable "unless all reasonable officials in the defendant's circumstances would have then known that the conduct violated the Constitution." *Gates*, 537 F.3d at 419.  An official is eligible for qualified immunity even if the official violated another's constitutional rights; it is only if the violation was clearly unreasonable that the official will be divested of qualified immunity. *Goodson v. City of Corpus*

*Christi*, 202 F.3d 730, 736 (5th Cir. 2000). Plaintiffs have not alleged any conduct by Defendants that is objectively unreasonable. Therefore, Plaintiffs have not overcome Defendants' entitlement to qualified immunity.

**C.     Failure to State a Claim under Texas Tort Law**

In addition to their constitutional claims, Plaintiffs have attempted to assert a variety of tort claims against all of Defendants[2]. To the extent Plaintiffs are suing Defendants West and Van Rite in their official capacities these claims are really suits against the District. In order for these claims to go forward, the District must waive its sovereign immunity. *Boehms v. Crowell,* 139 F. 3d 452, 462-63 (5th Cir. 1998). The Texas Torts Claims Act ("TTCA") provides a limited waiver of immunity for certain suits against governmental entities. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008). *See* Tex. Civ. Prac. & Rem. Code § 101.023. The waiver of immunity, as it applies to school districts, is narrow, as the waiver encompasses only tort claims involving the use or operation of motor vehicles. Tex. Civ. Prac. & Rem. Code § 101.051.  Plaintiffs have not shown that the District waived its immunity and they do not allege a state tort law theory that would allow them to proceed under the TTCA. Therefore, any tort claims against the District or Defendants West and Van Rite in their official capacity should be dismissed.

Dismissal is also appropriate for tort claims against the Defendants in their individual capacities. In 2003, the Texas Legislature amended the TTCA to include an "Election of Remedies" section in order to force a plaintiff to decide at the outset of a lawsuit whether an employee acted independently or within the general scope of her employment, such that the

---

[2] Specifically, Plaintiffs assert tort claims against all of the Defendants for: (1) battery; (2) false imprisonment; (3) child neglect: (4) assault; (5) negligent hiring, training and supervision; and, (6) intentional and negligent infliction of severe mental distress.

governmental entity is vicariously liable. *Mission*, 253 S.W.3d at 657. *See* Tex. Civ. Prac. & Rem. Code § 101.106.

In keeping with the objective of narrowing the issues for trial and reducing delays and duplicative litigation, the "Election of Remedies" section states that "if a suit is filed under this chapter [the TTCA] against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Tex. Civ. Prac. & Rem. Code § 101.106(e). *See Mission*, 253 S.W.3d at 657. The Texas Supreme Court has interpreted the phrase "under this chapter" to encompass more than just lawsuits for which the TTCA waives immunity. *Mission*, 253 S.W.3d at 658. *See, e.g., Dallas County Mental Health & Mental Retardation v. Bossley,* 968 S.W.2d 339, 344 (Tex. 1998); *Liu v. City of San Antonio,* 88 S.W.3d 737, 744 (Tex. App.—San Antonio 2002, pet. denied); *White v. Annis,* 864 S.W.2d 127, 132 (Tex. App.— Dallas 1993, writ denied). "Because the [TTCA] is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be "under [this chapter (the TTCA)]" for purposes of section 101.106." *Mission*, 253 S.W.3d at 659.

In the case at bar, Plaintiffs have filed suit against the both the governmental unit and against Defendants West and Van Rite via their official capacity claims, and against Defendants West and Van Rite in their individual capacities. Plaintiffs' claims cannot be characterized as anything other than torts. As such, in accordance with section 101.106 of the Texas Civil Practices & Remedies Code, individual liability claims all should be dismissed immediately from the lawsuit because Plaintiffs' tort claims arise under the TTCA. Tex. Civ. Prac. & Rem. Code § 101.06. As the Texas Supreme Court has held, "all tort theories alleged against a governmental

unit . . . are assumed to be "under [this chapter (the TTCA)]" for purposes of section 101.106." *Mission*, 253 S.W.3d at 658.

WHEREFORE, PREMISES CONSIDERED, based on the foregoing, Defendants pray that this Court grant its Rule 12(b)(6) motion and dismiss Plaintiff's First Amended Complaint. Defendants pray for such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

/s/ Cynthia L. Hill
CYNTHIA L. HILL
State Bar No. 09623920
EMILY QUILLEN
State Bar No. 24045624
HENSLEE SCHWARTZ LLP
306 W. 7th Street, Suite 1045
Fort Worth, Texas 76102
(817) 810-0717 (Telephone)
(817) 810-0811 (Facsimile)
E-Mail: chill@hensleeschwartz.com
E-Mail: equillen@hensleeschwartz.com

ATTORNEYS FOR DEFENDANTS
PEASTER INDEPENDENT SCHOOL
DISTRICT, JULIE WEST AND DEBBIE
VAN RITE

**CERTIFICATE OF SERVICE**

On October 30, 2012, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, Fort Worth Division using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Cynthia L. Hill
Cynthia L. Hill