IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AMBER TILLEY and MICHAEL TILLEY, §<br>As Next friend for their minor child, P.T. §<br>　　　　　Plaintiffs, §<br>　§<br>v. §<br>　§<br>PEASTER INDEPENDENT SCHOOL §<br>DISTRICT, et al. §<br>　　　　　Defendants, § | CIVIL ACTION NO.: 4:12-cv-408-Y |

## JOINT STATUS REPORT AND PROPOSED DISCOVERY PLAN

TO THE HONORABLE TERRY MEANS, UNITED STATES DISTRICT JUDGE, NORTHERN DISTRICT OF TEXAS, FORT WORTH DIVISION:

**COME NOW** Amber Tilley and Michael Tilley in their representative capacities as next friend for their minor child P.T., collectively termed Plaintiffs herein, by and through their attorneys of record, Jason J. Bach, and Peaster Independent School District, Julie West and Debbie Van Rite, collectively Defendants, by and through their attorney of record, Cynthia L. Hill and Emily Quillen from the law firm of Henslee Schwartz, and file this, their Joint Status Report and Proposed Discovery Plan.

I.

Pursuant to Fed. R. Civ. P. 26(f) and the Court's Order dated October 31, 2012, a conference was held by the Plaintiffs' and Defendants' counsel of record on November 14, 2012 to discuss the status of this cause, the prospects of settling this matter and a proposed discovery plan and the other matters referenced in the Court's October 31, 2012 Order. The parties propose the following Discovery Plan and Proposed Scheduling Order:

II.

(1) <u>Nature of the Case</u>

   (a)   <u>Plaintiff's Contentions</u>

Plaintiff incorporates by reference their contentions found in Plaintiff's Original Complaint and Jury Demand. Briefly, Plaintiffs' contentions are that Defendant school district and individual defendants violated P.T.'s rights to be free from invasion of privacy, illegal search and seizure, harassment, and retaliation guaranteed under the First, Fourth, and Fourteenth Amendment to the United States Constitution when defendants told P.T. that he smelled badly, was dirty, and that he had bad hygiene. Plaintiffs allege that while at school, Defendants forced P.T. remove his clothing and began violently washing his body with a washcloth, scrubbing him over large portion of his body, stuck cotton balls in his ears, all while ridiculing and harassing him about being "dirty." Additionally, after Plaintiffs filed a police report regarding the incident at school, Defendants harassed and retaliated against P.T. The actions of Defendants have caused emotional distress and physical injuries to P.T. and also give rise to Plaintiffs' additional claims of battery, false imprisonment, child neglect, assault, negligent hiring, training and supervision, and intentional and negligent infliction of emotional distress.

   (b)   <u>Defendant's Contentions</u>

With regard to Plaintiffs' Constitutional claims, Defendants contend that Plaintiffs' Original Complaint fails to allege sufficient facts to state a claim for municipal liability against Peaster Independent School District. In addition, Defendants contend that Plaintiffs have failed to allege facts sufficient for a claim against the Individual Defendants for supervisory or individual liability under the United States Constitution and/or 42 U.S.C. § 1983. Defendants further contend

that Plaintiffs have not shown that the District waived its tort immunity with regard to the state law claims asserted in the Original Complaint. Further, Plaintiffs have failed to allege a state tort law theory that would allow them to proceed under the Texas Torts Claims Act. Therefore, any tort claims against the District or Defendants West and Van Rite in their official capacity should be dismissed.

Subject to and without waiving the arguments set forth in the Motion to Dismiss filed by the Defendants on October 30, 2013, Defendants adamantly deny the factual contentions set forth in the Original Complaint. Neither the District nor the individual Defendants violated the Constitutional rights of Plaintiffs' minor son. Defendants did not commit any tortuous conduct with regard to Plaintiffs' child.

(2) <u>Jurisdictional and/or Venue Challenges</u>

At this time, the Parties do not challenge the Court's jurisdiction or venue in this action.

(3) <u>Matters Requiring Conference with the Court</u>

At this time the parties are not aware of any matters which require a conference with the Court.

(4) <u>Joinder of Additional Parties</u>

At this time the parties are not aware of any additional parties which should be joined in this action. Although there is a minimal likelihood that additional parties shall be joined, in order to permit the Parties to review discovery and make a final determination, the Parties request five months from the filing date of this Joint Status Report as the deadline to join additional parties.

(5) <u>Rule 26(a) Disclosures</u>

The Parties have agreed that they will exchange the information required by Fed. R. Civ. P. 26(a)(1) sixty days after the filing date of this Joint Status Report.

(6)   Discovery

    (a)   The Parties agree that discovery will be needed on the factual bases underlying the Parties' respective claims or defenses.

    (b)   Discovery should be completed by August 1, 2013.

    (c)   Discovery should be conducted in the discretion of the Parties and should not be limited to or focused upon particular issues.

(7)   Additional Limitations on Discovery

The Parties do not request any changes in the limitations on discovery imposed under the federal or local rules.

(8)   Discovery Orders

At this time the parties are not aware of any issues about claims of privilege or of protection as trial-preparation materials. In the event that educational records of students other than P.T. are requested or utilized in this litigation, the parties agree to comply with the terms of the Family Education Rights and Privacy Act, codified at 20 U.S.C.A. § 1232g ("FERPA"). Any such records shall only be produced or utilized pursuant to the terms of an order of protection and be filed under seal.

(9)   Jury Demand

Plaintiffs demand a jury trial.

(10)   Referral to Magistrate Judge

The parties do not agree to refer this case to the magistrate judge.

(11)   Settlement

The Parties are open to and will work toward early resolution of this matter. However, at this point, the Parties believe further discovery is necessary to determine the possibilities of

settlement. In lieu of Court-ordered settlement negotiations, the Parties believe mediation would be appropriate.

(12) <u>Advisability of Mediation</u>

The Parties agree that some discovery should be complete before Court-ordered mediation takes place. Therefore, the Parties propose that Court-ordered mediation take place no sooner than April 30, 2013.

(13) <u>Dondi decision</u>

Counsel have read the *Dondi* decision, 121 F.R.D. 284 (N.D. Texas 1988).

///

///

///

///

///

///

///

///

(14) <u>Other Matters</u>

At this time the Parties are not aware of any additional matters relevant to the status and disposition of this case.

Respectfully submitted,

/s/ Jason J. Bach
Jason J. Bach
THE BACH LAW GROUP, PLLC
State Bar No. 24071556
2802 Flintrock Trace, Suite 255
Austin, Texas 78753
(512) 879-3901 (Telephone)
(702) 925-8788 (Facsimile)
E-Mail: jbach@bachlawfirm.com

**ATTORNEY FOR PLAINTIFFS**

/s/ Cynthia L. Hill
Cynthia L. Hill
State Bar No. 09623920
Emily A. Quillen
State Bar No. 24045624
HENSLEE SCHWARTZ LLP
306 W. 7th Street, Suite 1045
Fort Worth, Texas 76102
(817) 810-0717 (Telephone)
(817) 810-0811 (Facsimile)
E-Mail: chill@hensleeschwartz.com
E-Mail: equillen@hensleeschwartz.com

**ATTORNEYS FOR DEFENDANTS**