IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMBER TILLEY and MICHAEL TILLEY, as next friend for their minor child, P. T., | § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | |
| PEASTER INDEPENDENT SCHOOL DISTRICT; JULIE WEST, individually and as an employee of Peaster Independent School District; DEBBIE VAN RITE, , individually and as an employee of Peaster Independent School District | § § § § § § § § § | CIVIL ACTION NO. 4:12-cv-00408-Y |
| Defendants. | § | |

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT

COME NOW**,** Peaster Independent School District, Julie West and Debbie Van Rite (hereinafter and collectively "Defendants"), and file this, their Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss First Amended Complaint (the "Response") and Brief in Support:

I.   PLAINTIFFS' CONSTITUTUIONAL CLAIMS MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM

In their Response, Plaintiffs assert that they have sufficiently pled a cause of action against the Defendants for violation of the First and Fourth Amendments[1] to the United States

---

[1] Plaintiffs' Response makes no reference to any violation of the Fourteenth Amendment to the United States Constitution. Accordingly, it appears that they have abandoned this claim. To the extent that Plaintiffs have not voluntarily abandoned their Fourteenth Amendment claim, Defendants incorporate by reference their arguments

Constitution pursuant to 42 U.S.C. §1983. However, under Section 1983, political subdivisions, including school districts, may be subjected to liability only for the actions of school district officials with final policy-making authority. *Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1304 (5th Cir. 1995), *cert. denied*, 517 U.S. 1191 (1996); *Mirelez v.Bay City Indep. Sch. Dist.,* 992 F.Supp. 916, 919 (S.D. Tex. 1998). Under Texas law, final policy-making authority rests exclusively with the district's board of trustees. *Jett v Dallas Indep. Sch. Dist.*, 7 F.3d 1241, 1245 (5th Cir. 1994); *see also* TEX. EDUC. CODE§ 11.151; TEX. EDUC. CODE § 11.151(b), (d) (Vernon 1996).

Plaintiffs have not alleged, nor could they allege, that the PISD Board of Trustees implemented an official custom or policy to deny students their constitutional rights or assist students with their personal hygiene. At best, Plaintiffs have alleged that two PISD employees engaged in specific actions that were unknown to the members of the Board of Trustees. Such isolated actions do not constitute a policy or custom for Section 1983 liability purposes. *Bennet*, 728 F.2d 762, 768 n. 3; *Lopez v. City of Austin*, 710 F.2d 196, 198 (5th Cir. 1983). To recover against the District, Plaintiffs would have to prove that their child's alleged injury was more than an isolated incident of negligence by District employees. Perhaps they could, but "[i]t is not … proper to assume that [Plaintiffs] can prove facts that [they] have not alleged …." *See Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). Again, Plaintiffs' complaint "stops short of the line between possibility and plausibility of entitle[ment] to relief." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).

---

regarding the untenablity of the First and Fourth Amendment claims contained herein, as well as, the arguments contained in the Motion to Dismiss.

Furthermore, in order to maintain a Section 1983 action, the allegations describing the improper policy or custom and the underlying constitutional violation cannot be conclusory; they must contain specific facts. *Spiller v. City of Texas City, Police Department*, 130 F.3d 162, 167 (5th Cir. 1997); *Jackson v. Dallas Independent School District*, 1999 U.S. Dist. LEXIS 1109, *16-17 (N.D. Tex. 1999). At best, Plaintiffs make a fleeting reference to an unspecified *de facto* policy without any factual allegations concerning the terms of the alleged policy. A complaint that only raises the sheer probability that the defendant acted unlawfully will not do. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Consequently, Plaintiffs' First and Fourth Amendment claims must be dismissed against the Defendants.

Assuming *arguendo* that Plaintiffs had properly alleged some policy or procedure to support their constitutional claims, neither the First nor Fourth Amendment claims withstand scrutiny.[2] Plaintiffs generally allege that Defendants have retaliated against them in violation of their Constitutional right to free speech under the First Amendment pursuant to Section 1983. In order to establish a free speech retaliation claim, Plaintiffs must show that the District denied them a valuable benefit on a basis that infringed their constitutionally protected interest in freedom of speech. *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002); *Blackburn v. City of Marshall*, 42 F.3d 925, 934 (5th Cir. 1995) (citing *Perry v. Sindermann*, 408 U.S. 593, 597 (1972)). Plaintiffs can offer no evidence that the District's actions denied them a valuable benefit to which they were otherwise entitled. *See Tierney v. Vahle*, 304 F.3d 734, 742 (7th Cir. 2002) (explaining that not all wrongful conduct rises to the level of a constitutional violation). For example, the alleged "exclusion" from unknown events and activities cannot fairly be argued as

---

[2] As fully set forth in the Motion to Dismiss, in addition to the arguments against municipal liability and official capacity liability for Defendants West and Van Rite, the individual defendants are clearly entitled to qualified immunity for any actions which they may have taken with regard to P.T.

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT        Page 3

amounting to a denial of a valuable governmental benefit. Likewise, the alleged "naughty" gesture made by an unknown person dressed as Santa did not deny P.T. or his parents any educational opportunities or governmental benefit. Accordingly, Plaintiffs' First Amendment retaliation claim should be dismissed.

Likewise, Plaintiffs have failed to properly plead a claim for violation of the Fourth Amendment. In their Response Plaintiffs correctly observe that the Fourth Amendment of the United States Constitution provides, in pertinent part: "The right of the people to be secured in their persons ... against unreasonable searches and seizures, shall not be violated...." U.S. Const. Amend. IV. However, Plaintiffs have failed to make any assertions in their First Amended Complaint that P.T. was ever searched or was subject to any seizure. Rather, Plaintiffs allege that P.T. was subjected to being cleaned with a washrag and cotton balls. Each and every case cited by Plaintiffs is clearly distinguishable as they concern disciplinary searches of a student of a quasi-legal nature. Such was not the case in this lawsuit. Taking Plaintiffs' new argument to its logical conclusion, every time school district personnel helps a special needs child with personal hygiene, wipes a child's runny nose or cleans a scrapped knee would constitute a "search and seizure." Clearly, this was not what the Fourth Amendment contemplates.

Plaintiffs attempt to buttress their argument in the Response by using emotionally charged and inflammatory language such as "strip search," and claims of forcing P.T to shower and exposure of his "private parts." However, *nowhere* in the First Amended Complaint are there any factual allegations to support these arguments. Rather the actual allegations contained in the First Amended Complaint claim that P.T partially removed his clothes (e.g. rolled up his sleeves) so that he could be cleaned up. (*See* First Amended Complaint ¶17.) Factual allegations that are

"merely consistent with" but do not plausibly suggest the defendant's liability fail to satisfy the pleading standards for a federal lawsuit.[3] In the absence of viable pleadings to the contrary, Plaintiffs' Fourth Amendment claims, as well as his First Amendment claim should be dismissed.

II. **PLAINTIFF'S STATE LAW TORT CLAIMS MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM**

As set forth in Defendants' Motion to Dismiss, in addition to their constitutional claims, Plaintiffs have attempted to assert a variety of tort claims against all of the Defendants[4]. In order for these claims to go forward, the Defendants must waive sovereign immunity. *Boehms v. Crowell,* 139 F. 3d 452, 462-63 (5th Cir. 1998). The Texas Torts Claims Act ("TTCA") provides a limited waiver of immunity for certain suits against governmental entities. *See* Tex. Civ. Prac. & Rem. Code § 101.023. The waiver of immunity, as it applies to school districts and their employees in their official capacity, is narrow, as the waiver encompasses only tort claims involving the use or operation of motor vehicles. Tex. Civ. Prac. & Rem. Code § 101.051. Plaintiffs have not shown that the Defendants waived their immunity and they do not allege a

---

[3] *See id.* The Supreme Court's decision in *Twombly* illustrates the principle of an "obvious alternate explanation." In that case, the plaintiffs alleged that the defendants had violated the Sherman Act, which proscribes anti-competitive acts "effectuated by a contract, combination or conspiracy." *See Twombly*, 550 U.S. at 553 (quoting *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752 (1984)). The complaint contained facts showing that the defendants had engaged in parallel business behavior. *See id.* at 550–51. The Court acknowledged that parallel behavior was consistent with conspiracy. However, the Court ultimately concluded that such conduct did not plausibly suggest conspiracy because it was also compatible with (and more likely explained by) uncoordinated decisions. *See id.* at 567–68; *see also Iqbal*, 129 S. Ct. at 1950 (explaining *Twombly*). Given the "obvious alternative explanation," the plaintiffs had not "nudged their claims across the line from conceivable to plausible." *See Twombly*, 550 U.S. at 567, 570. Therefore, the Court held that their complaint must be dismissed. *See id.*

[4] Specifically, Plaintiffs assert tort claims against all of the Defendants for: (1) battery; (2) false imprisonment; (3) child neglect: (4) assault; (5) negligent hiring, training and supervision; and, (6) intentional and negligent infliction of severe mental distress.

state tort law theory that would allow them to proceed under the TTCA[5]. Therefore, any tort claims against the Defendants should be dismissed.

In their Response, Plaintiffs assert the novel argument that Section 101.057 of the Texas Civil Practices & Remedies Code exempts their intentional tort claims for battery, false imprisonment, child neglect involving school discipline, assault, and intentional infliction of emotional distress from the Texas Tort Claims Act. Therefore, they reason that there is *no* immunity for intentional torts. (See Response, Section II.D., pp. 12-13.) Unfortunately, this argument turns the entire TTCA on its head.

The TTCA provides for a *limited waiver of immunity* for certain suits against governmental entities. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021; *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374-76 (Tex. 2006). However, under the Act, immunity is *expressly preserved and not abrogated*, for claims of intentional torts. TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2); *Goodman v. Harris County*, 571 F.3d 388, 394 (5th Cir. 2010); *Texas Department of Criminal Justice-Community Justice Assistance Division v. Campos, et. al.* 2012 Tex. LEXIS 900; 56 Tex. Sup. J. 75 (Tex. 2012); *Texas Dep't. of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001). As this Court has repeatedly recognized, the TTCA provides that a local governmental entity *cannot* be liable for any claims arising out of assault, battery, false imprisonment, or any other intentional tort. *Peterson v. City of Fort Worth*, 2008 U.S. Dist. LEXIS 11997, * 5 (N.D.Tex. 2008).

---

[5] As fully set forth in the Motion to Dismiss, in accordance with section 101.106 of the Texas Civil Practices & Remedies Code, the individual liability claims against Defendants West and Van Rite should also be dismissed immediately from the lawsuit because Plaintiffs' tort claims arise under the TTCA. Tex. Civ. Prac. & Rem. Code § 101.06.

III.   **PLAINTIFFS SHOULD NOT BE ALLOWED TO FURTHER AMEND THEIR COMPLAINT**

Finally, Plaintiffs argue that in the event that the Court finds their pleadings insufficient, Federal Rule of Civil Procedure 15(a) allows a plaintiff to file one amended complaint as a matter of right when the defendants have not filed a responsive pleading. They further claim that in this case, Defendants have not filed a responsive pleading and that leave to amend should be granted "if it appears at all possible that the plaintiff can correct the defect. 3 Moore, Federal Practice, § 15.10 at 838 (2d ed. 1948). In making this argument, Plaintiffs neglect to advise the Court that they have already taken the opportunity to file an amended complaint. (*See*, Complaint, Docket #1 and First Amended Complaint, Docket #11.) Insofar as Plaintiffs have already taken their opportunity to amend their claims in this action, the Court should exercise its discretion and preclude further amendment.

Respectfully submitted,

/s/ Cynthia L. Hill
CYNTHIA L. HILL
State Bar No. 09623920
EMILY QUILLEN
State Bar No. 24045624
HENSLEE SCHWARTZ LLP
306 W. 7th Street, Suite 1045
Fort Worth, Texas 76102
(817) 810-0717 (Telephone)
(817) 810-0811 (Facsimile)
E-Mail:  chill@hensleeschwartz.com
E-Mail:  equillen@hensleeschwartz.com

ATTORNEYS FOR DEFENDANTS
PEASTER INDEPENDENT SCHOOL
DISTRICT, JULIE WEST AND DEBBIE
VAN RITE

## CERTIFICATE OF SERVICE

On January 4, 2013, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, Fort Worth Division using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Cynthia L. Hill
Cynthia L. Hill